900 F.2d 252
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Lundy HARRIS, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 89-2110.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Oct. 12, 1989.
Decided: March 28, 1990.
 
 On Petition for Review of an Order of the Benefits Review Board.
 C. Randall Lowe, Yeary, Tate and Lowe, P.C., Abingdon, Va., for petitioner.
 Robert P. Davis, Solicitor of Labor; Donald S. Shire, Associate Solicitor; Sylvia T. Kasper, Counsel for Appellate Litigation; Robert E. Kirschman, Jr., Office of the Solicitor, United States Department of Labor, Washington, D.C., for respondent.
 Ben.Rev.Bd.
 AFFIRMED.
 Before WIDENER, WILKINSON and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Lundy Harris petitions for review of the decision of the Benefits Review Board affirming the administrative law judge's denial of benefits under the Black Lung Act, 30 U.S.C. Secs. 901, et seq. Harris asserts that the Board erred in finding that substantial evidence supported the ALJ's finding that he had only three years coal mining employment, and in ruling harmless the ALJ's incorrect application of 20 C.F.R. Sec. 410.490(b). Finding both of Harris' contentions to be without merit, we affirm the order of the Board.
 
 
 2
 Harris contends that the ALJ's finding that he worked only three years in coal mining is not supported by substantial evidence. He points to his own testimony that he was employed for over thirty years in coal mining and asserts that his testimony is uncontradicted. This simply is not the case. Harris' social security earnings statement and other government records indicate coal mine employment of no more than three years. In addition, Harris' marriage certificate and the birth certificates of several of his children all list his occupation as something other than coal miner. This is the case despite the fact that Harris claims to have worked in coal mining during the years in which the certificates were issued. These documents clearly provide a basis on which the ALJ could have disbelieved Harris' testimony, and they constitute substantial evidence that Harris was employed in coal mining for only three years.
 
 
 3
 Harris also complains that the Board erred in holding harmless the ALJ's incorrect application of 20 C.F.R. Sec. 410.490(b). This provision allows a claimant to establish presumptive entitlement to benefits by demonstrating that a chest X-ray, biopsy, or autopsy establishes the existence of pneumoconiosis, without any requirement regarding length of coal mine employment. See Pittston Coal Group v. Sebben, 109 S.Ct. 414 (1988). The ALJ plainly erred in ruling that Harris' claim was precluded because he had been employed as a coal miner for less than fifteen years. As the Board correctly points out, however, Harris could not have recovered in any event since the ALJ also found after weighing the X-ray evidence that Harris does not suffer from pneumoconiosis. The ALJ's finding is well supported by the evidence, as only one of numerous X-rays was interpreted as positive for pneumoconiosis, and that X-ray was also interpreted as negative by a second radiologist.
 
 
 4
 For the foregoing reasons, the order of the Board is
 
 
 5
 AFFIRMED.